IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES WATKINS<br><br>Plaintiff,<br><br>v.<br><br>THE RESURRECTION PROJECT<br><br>Defendant. | Case No. |

# COMPLAINT

## INTRODUCTION

1. Plaintiff James Watkins has multiple disabilities which impact his mobility and his use of his upper body. Due to his disabilities, Mr. Watkins requires a motorized wheelchair to ambulate. His disabilities also makes it difficult for him to operate manual doors.

2. For the last twelve years Mr. Watkins has lived in a federally subsidized unit on the third floor at Casa Puebla Apartments.

3. Many of the doors in Casa Puebla Apartments are automatic. They open when a push plate is pressed by a user. However, two common area doors that Mr. Watkins must pass through to access his apartment on the third floor of Casa Puebla Apartments are non-automatic.

4. Mr. Watkins has made multiple requests to The Resurrection Project to install automatic doors with push plates on those two doors as a reasonable accommodation under the Fair Housing Act and under Section 504 of the

1

Rehabilitation Act. To date, The Resurrection Project has denied these requests. Accordingly, Mr. Watkins brings this suit for injunctive relief and for damages for denial of his requested accommodation.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1331 (conferring jurisdiction over civil actions arising under the laws of the United States) and 42 U.S.C. § 3613(a) (conferring jurisdiction over civil actions arising under the Fair Housing Act).

6. Complainant's claims for declaratory and other relief are authorized by 28 U.S.C. §§ 2201 and 2202.

7. This Court is the appropriate venue under 28 U.S.C. § 1391(b), in that the Defendant is subject to personal jurisdiction in this District, and the events that gave rise to this Complaint occurred in this District.

## PARTIES

8. Plaintiff James Watkins is an individual with a disability. He resides in Chicago, in the Northern District of Illinois.

9. Defendant The Resurrection Project is a non-profit organization. Among other activities, The Resurrection Project manages rental properties, including Casa Puebla Apartments.

10. The Resurrection Project's activities predominately occur in the City of Chicago in the jurisdiction of the Northern District of Illinois.

## **FACTS**

11.     Mr. Watkins is a person with a mobility disability. To accommodate that condition, he uses a wheelchair for mobility.

12.     Mr. Watkins also has a spinal disability and shoulder disabilities. Among other things, this makes it painful for him to use his arms, especially his left arm, or to twist in his chair.

13.     Mr. Watkins is a qualified individual with a disability under Section 504 of the Rehabilitation Act. 29 U.S.C. § 794(a)

14.     Mr. Watkins is a tenant at Casa Puebla Apartments and has lived in his unit for twelve years.

15.     Casa Puebla Apartments is federally subsidized housing.

16.     Mr. Watkins's apartment unit is modified to accommodate his mobility needs, including modifications to his toilet and to his bathroom door.

17.     Casa Puebla Apartments has many modifications to accommodate disability in its public spaces.

18.     Public space modifications include automatic doors with push plates at the entrance to the building and on all the public doors on the first floor. There are also automatic doors with push plates on the doors to the laundry rooms.

19.     Mr. Watkins's unit is on the third floor of the building. Except for the door to the laundry room, none of the other doors on the third floor of the building are automatic.

20. To access his unit, Mr. Watkins must go through two non-automatic doors.

21. To manage a non-automatic door, Mr. Watkins maneuvers his wheelchair into the corner by the door handle. He uses his right hand to grasp the door then pulls it until his left hand can reach the handle. Since his left arm has significantly limited mobility, Mr. Watkins cannot pull the door open with his left arm, and instead backs his wheelchair up until the door is open enough. When it is open enough, Mr. Watkins drives his wheelchair into the opening, then releases the handle with his left hand. Every time he does this, it causes him pain.

22. Mr. Watkins has requested several times that the doors be made automatic.

23. On or around November 2022, Mr. Watkins and other Casa Puebla residents received a letter from The Resurrection Project, stating that if they prop open the doors, they will receive a lease violation.

24. On or around April 7, 2023, Mr. Watkins's counsel sent a letter requesting that The Resurrection Project make the doors on the third-floor automatic as a reasonable modification to accommodate Mr. Watkins's disability.

25. On October 17, 2023, Mr. Watkins's counsel sent a second letter to The Resurrection Project requesting that the doors on the third floor be made automatic as reasonable modification.

26. As of the date of the filing of this complaint,, The Resurrection Project left one voicemail on November 14, 2023, but has not otherwise not responded to

4

this letters or multiple phone calls nor otherwise indicated that it would grant Mr. Watkins's reasonable modification request.

## THE LAWS INVOLVED

### SECTION 504 OF THE REHABILITATION ACT

27. Section 504 of the Rehabilitation Act of 1973 prohibits discrimination by recipients of federal funding against otherwise qualified individuals on the basis of their disabilities. 29 U.S.C. § 794.

28. Section 504 states, "No . . . qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . ." 29 U.S.C. § 794(a).

29. Section 504 requires recipients of federal funds to provide reasonable accommodations to individuals with disabilities. 24 C.F.R. § 8.33. A reasonable accommodation is "a change, modification, alteration, or adaptation in policy, procedure, practice, program, or facility that provides a qualified individual with a disability the opportunity to participate in, or benefit from, a program or activity. *See* HUD, People with Disabilities – Section 504: Frequently Asked Questions, *available at*:

http://www.hud.gov/program_offices/fair_housing_equal_opp/disabilities/sect504faq.

### FAIR HOUSING ACT

30. The federal Fair Housing Act prohibits discrimination against people with disabilities in housing.

5

31. "Disability" is defined as "a physical or mental impairment which substantially limits one or more of such person's major life activities." 42 U.S.C. § 3602(h).

32. Under the Act, it is unlawful to refuse "to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

## **COUNT I: FAILURE TO ACCOMMODATE UNDER THE REHABILITATION ACT**

33. Mr. Watkins re-incorporates and re-alleges paragraphs 1-32 of this Complaint as fully set forth herein.

34. Mr. Watkins is a qualified individual with a disability as that phrase is used in Section 504 of the Rehabilitation Act.

35. The Resurrection Project built and manages Mr. Watkins's apartment as a program or activity receiving federal financial assistance as that phrase is used in Section 504 of the Rehabilitation Act.

36. Mr. Watkins's request to have automatic doors with push plates installed on the doors on the route from the elevator to his apartment constitutes a request for a reasonable accommodation under the Rehabilitation Act.

37. The Resurrection Project violated Mr. Watkins's rights by denying him his requested accommodation.

## COUNT II: FAILURE TO ACCOMMODATE UNDER THE FAIR HOUSING ACT

38. Mr. Watkins re-alleges and incorporates paragraphs 1-32 as if fully set forth herein.

39. Mr. Watkins is a person with a disability, as that term is defined by the Fair Housing Act.

40. The Resurrection Project's management of Mr. Watkins's building is governed by the Fair Housing Act.

41. Mr. Watkins's request to have automatic doors with push plates installed on both the doors on the route from the elevator to his apartment constitutes a request for a reasonable modification under the Fair Housing Act.

42. The Resurrection Project violated Mr. Watkins's rights by denying him his requested accommodation.

43. The Resurrection Project acted intentionally, willfully, or in reckless disregard of Mr. Watkins's rights under the Fair Housing Act.

## RELIEF SOUGHT

WHEREFORE, Plaintiff James Watkins respectfully requests that this Court:

A. Declare that Defendant's acts constitute discrimination under Section 504 and the federal Fair Housing Act;

B. Enjoin Defendant from refusing to accommodate Plaintiff's disability by not installing automatic doors with push plates on the common area doors between Plaintiff's apartment and the third-floor elevator;

C. Award Plaintiff attorneys fees and costs;

    D.  Award Plaintiff damages; and

    E.  Any other such relief as this Court deems equitable and just.

DEMAND FOR JURY TRIAL

    Plaintiff requests a trial by jury.

Dated: February 26, 2024                                          Respectfully Submitted,

                                                                               /s/ Charles R. Petrof_____

                                                                               One of the Attorneys for Plaintiff

Charles R. Petrof
Access Living of Metropolitan Chicago
115 W. Chicago Ave.
Chicago, Illinois 60654
cpetrof@accessliving.org
Phone: (312) 640-2124

Katelyn B. Polk
Access Living of Metropolitan Chicago
115 W. Chicago Ave.
Chicago, Illinois 60654
kpolk@accessliving.org
Phone: (312) 640-2171